UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

MACY'S RETAIL HOLDINGS, LLC
d/b/a Macy's at Dadeland Mall and
SDG DADELAND ASSOCIATES, INC.
as Trustee for (land) Trust Number 8

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Macy's Retail Holdings, LLC doing business as Macy's at Dadeland Mall and Defendant SDG Dadeland Associates, Inc. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Macy's Retail Holdings, LLC (also referenced as "Defendant Macy's," "operator," lessee" or "co-Defendant") is a foreign limited liability company registered in Florida, which is a subsidiary of Macy's Inc. which is a NYSE company on the S&P 600 component. The parent company either directly or indirectly through its subsidiaries own all Macy's branded department stores as well as Bloomingdales brand department stores and the Bluemercury e-commerce site (which sells luxury cosmetics). Macy's, Inc. has been reported to be the world's largest fashion goods retailer and the 36th largest retailer overall.

6. Defendant SDG Dadeland Associates, Inc. (also referenced as "Defendant Dadeland," "lessor," or "co-Defendant"), serves as the Trustee for (land) Trust Number 8 as under Land Trust Agreement dated August 7, 1997. On information and belief, the beneficiaries of Trust Number 8 are (in equal parts) Simon Property Group (who is on record for the purchase of the property in 1997) and Morgan Stanley[1]. As the Trustee, Defendant Dadeland stand for the owner of real property identified as folio 30-4035-021-

---

[1] New Kendall wing brings trendy twist to Dadeland Mall, Iva Paiva Cordle, July 14, 2013, http://www.miamiherald.com/2013/07/14/3497931/new-kendall-wing-brings-trendy.html

0020. The real property consists of land and a complex of buildings which comprise an enclosed (under air) regional shopping mall[2] which is branded as "Dadeland Mall." Dadeland Mall houses the Macy's department store which is known by 7535 SW 88 Street and 7303 SE 88 Street addresses.

## FACTS

7. The Dadeland Mall complex contains retail stores, entertainment venues, and restaurants. A portion of the commercial space within Dadeland Mall is leased to Defendant Macy's (the lessee). The lessee in turn has operated its Macy's at Dadeland Mall department store within that leased space.

8. Macy's department stores sell men's, women's and children's clothing, jewelry, furniture, home décor, bed & bath goods, jewelry, and miscellaneous seasonal goods. Accordingly, Macy's department stores (including the location which is the subject of this instant complaint) are each a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) as "other sales establishments." The Macy's department store at Dadeland Mall which is the subject of this action is also referenced as a "Macy's (at Dadeland Mall)," "department store" or "place of public accommodation."

9. At all times material hereto, Defendant Macy's was (and is) a company owning and operating department stores under the "Macy's" brand which are open to the public. As the operator of department stores which are open to the public, Defendant Macy's is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates department stores; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

---

[2] According to property tax records, Dadeland Mall consists of 2,288,239 square feet of commercial real estate.

10. Due to the close proximity to Plaintiff's home to the Dadeland Mall, on May 30, 2021 Plaintiff went to Macy's to shop.

11. When Plaintiff was shopping in Macy's, he went to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

12. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator/lessee of that department store (Defendant Macy's) and by the lessor of the commercial property which houses the department store (Defendant Dadeland).

13. Due to its extensive number of department stores located throughout the United States, Defendant Macy's is well aware of the ADA and the need to provide for equal access in all areas of its department stores. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that the Macy's within Dadeland Mall is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14. As the lessor for and operator of Dadeland Mall which contains retail stores, entertainment venues, and restaurants which are all open to the public, Defendant SDG Dadeland Associates, Inc. is classified as a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B), (C), (E) & (F) and 28 C.F.R. §36.104(2), (3), (5) & (6). As operator of a large multi-use shopping mall complex which is clearly a place of public accommodation, Defendant SDG Dadeland Associates, Inc. is aware of the ADA and the need to provide for equal access in all areas of its shopping mall complex which are open to the public. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that all areas within it property is fully accessible is/was willful, malicious, and

oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

15. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16. Plaintiff continues to desire to patronize the Macy's at Dadeland Mall located at Dadeland Mall, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

17. Any and all requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

19. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in

>order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited the Macy's within Dadeland Mall, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers therein. Therefore, Plaintiff has suffered an injury in fact.

22. Defendant Macy's (operator of the Macy's at Dadeland Mall) and Defendant Dadeland (operator and lessor of Dadeland Mall) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Macy's department store, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Macy's at Dadeland Mall.

24. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under

which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26. Dadeland Mall, which is operated by Defendant Dadeland and the Macy's located within Dadeland Mall (operated by Defendant Macy's) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. Seq.* Defendant Dadeland and Defendant Macy's are both discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. As to Defendant Macy's (operator) and Defendant Dadeland (lessor of Dadeland Mall) (jointly and severally), Plaintiff had difficulty opening the door to the bathroom without assistance as the design and installation of the bathroom doors do not provide for the required distance between the doors in series. Doors that do not provide the required clearance between doors is a violation of Section 4.13.7 of the ADAAG and 404.2.6 of the 2010 ADA Standards for Accessible Design.

ii. As to Defendant Macy's (operator) and Defendant Dadeland (lessor of Dadeland Mall) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch. This is a violation of Sections 4.27.4 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Macy's (operator) and Defendant Dadeland (lessor of Dadeland Mall) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can). The fact that the trash bin is encroaching over the accessible water closet clear

      floor space is a violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant Macy's (operator/lessee) and Defendant Dadeland (lessor of Dadeland Mall) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is not in the required location. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

v. As to Defendant Macy's (operator/lessee) and Defendant Dadeland (lessor of Dadeland Mall) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 of the 2010 ADA Standards for Accessible Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

vi. As to Defendant Macy's (operator/lessee) and Defendant Dadeland (lessor of Dadeland Mall) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of 2010 ADAAG §§604, 604.7 which states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish

floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

vii. As to Defendant Macy's (operator/lessee) and Defendant Dadeland (lessor of Dadeland Mall) (jointly and severally), Plaintiff could not use the toilet refresher without assistance, as it is mounted over the rear grab bar and is out of reach for Plaintiff due to his disability. This is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design.

viii. As to Defendant Macy's (operator/lessee) and Defendant Dadeland (lessor of Dadeland Mall) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines are not completely wrapped (inside the accessible stall) which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

ix. As to Defendant Macy's (operator/lessee) and Defendant Dadeland (lessor of Dadeland Mall) (jointly and severally), Plaintiff could not use the lavatory sink (inside the stall) without assistance, as the lavatory sink does not provide the appropriate knee clearance above the finished floor to the bottom leading edge of fixture at 8" horizontal projection, in violation of 28 C.F.R. Part 36, Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards for Accessible Design.

27. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make Dadeland Mall and the Macy's department store located within the

mall accessible to persons with disabilities since January 28, 1992.  Defendants have jointly and severally failed to comply with this mandate.

  28. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the department store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

  **WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the Defendant SDG Dadeland Associates, Inc. (lessor of Dadeland Mall) and Defendant Macy's Retail Holdings, LLC (operator of the Macy's department store located within Dadeland Mall) and requests the following relief:

  a) The Court declare that Defendants have violated the ADA;

  b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

  c) The Court enter an Order requiring Defendants to alter the Dadeland Mall and the Macy's department store within the mall such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

  d) The Court award reasonable costs and attorneys fees; and

  e) The Court award any and all other relief that may be necessary and appropriate.

  f)

Dated this 14th day of June 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*